# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

ANNE PATRICIA MULLIGAN,

                Plaintiff,

  vs.

REGIONAL HOSPITAL, *et al.,*

                Defendants.

Case No. 3:19-cv-00118-RRB

## ORDER OF DISMISSAL

Anne Patricia Mulligan, representing herself, has filed a Civil Rights Complaint under 42 U.S.C. § 1983[1] and an Application to Waive the Filing Fee.[2] Ms. Mulligan has also filed a Motion to "File/Open a New Case," summarizing the claims she sets forth in her Complaint.[3] This motion is unnecessary.

In the caption of her Complaint, Ms. Mulligan names Regional Hospital as the defendant, and in the body of the Complaint, she alleges a claim against a "white female ER nurse."[4]

Ms. Mulligan alleges that, on April 19, 2017, she arrived at Regional Hospital by ambulance because she was in a lot of pain from injuries sustained from police

---

[1] Docket 1.

[2] Dockets 3, 5.

[3] Docket 4.

[4] Docket 1 at 1, 3.

officers that went untreated when requested. "After attempting to be seen for the 3rd time @ Regional ER, a white female nurse … said [she] was fine [and] that [she] wasn't going to be seen again and … was being escorted out of the ER and trespassed for 1 yr."[5] Ms. Mulligan alleges that "3 white male security guards escorted [her] out and contacted APD."[6] Ms. Mulligan makes allegations against the APD officers, identical to those she makes in an action against APD in case number 3:19-cv-00119-RRB.[7] Therefore, the Court will not address those claims here.

## Screening Requirements

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

---

[5] *Id.* at 3.

[6] *Id.*

[7] 3:19-cv-00119-RRB, Docket 1 at 3 (appears to be photocopy of Docket 1, page 3 in current case).

[8] 28 U.S.C. § 1915(e)(2)(B).

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 2 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 2 of 9

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] In this case, amendment would be futile.

Federal Rule of Civil Procedure 8(a) requires that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction …;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[12]

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[11] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

[12] Fed. R. Civ. P. 8(a).

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 3 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 3 of 9

Analysis

Below is a description of the problems in the Complaint.

1. The plaintiff is responsible for establishing this Court's jurisdiction over the case.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[13] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[14] That is, the United States Constitution or a federal statute must generally be at issue to establish this Court's jurisdiction. It is Ms. Mulligan's burden, as the plaintiff, to show that this Court has jurisdiction to hear her claims.[15]

2. Requirements for filing an action under the Civil Rights Act.

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[16] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal

---

[13] *Black's Law Dictionary* (10th ed, 2014).

[14] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[15] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[16] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 4 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 4 of 9

Constitution or federal statutes."[17] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[18] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[19] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of her rights.[20] These essential elements must be pleaded in a § 1983 claim.

3. <u>Acting under color of state law</u>.

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law".[21] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens are not proper defendants for a § 1983 action.[22] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[20] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[21] *West*, 487 U.S. at 49.

[22] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 5 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 5 of 9

factual determination.²³ A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"²⁴

Importantly in a § 1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"²⁵ The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."²⁶

4. <u>Neither Regional Hospital nor its employee is a "state actor"</u>.

Because Regional Hospital is privately-owned,²⁷ and the ER nurse is an employee of the hospital, neither Regional Hospital nor its employee is a "state

---

²³ *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

²⁴ *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326).

²⁵ *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

²⁶ *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

²⁷ Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also* Fed. R. Evid. 201. The

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 6 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 6 of 9

actor" under federal law. Therefore, Ms. Mulligan has failed to state a federal civil rights' claim in this case.

5. <u>This Court has is not a court of appeals for state court judgments</u>.

This Court may not decide "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[28] The Supreme Court explains that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court[.]"[29]

6. <u>Res Judicata</u>.

When a final judgment has been entered, the legal doctrine of res judicata prevents a person from maintaining a new lawsuit that seeks to raise the same claim(s) against the same person(s) that were in the first case.[30] Moreover, a litigant "cannot avoid the bar of res judicata merely by alleging conduct by the

---

Court takes judicial notice that Regional Hospital is a private hospital. *See* https://alaskaregional.com.

[28] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

[29] *Id.* at 292 (citing 28 U.S.C. § 1257(a)).

[30] *See Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) ("Res judicata, also known as claim preclusion, applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'") (internal citation omitted)

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 7 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 7 of 9

defendant not alleged in his prior action[s] or by pleading a new legal theory."[31] As explained by the Supreme Court, res judicata "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."[32] The Ninth Circuit has also held that a complaint may be dismissed when it "merely repeats pending or previously litigated claims."[33]

7. Ms. Mulligan's state court case against Regional Hospital.

The case filed in the Superior Court for the State of Alaska, *Anne P. Mulligan v. Regional Hospital*, listed on page 6 of the current Complaint, appears to be 3AN-17-09207CI.[34] Summary judgment was ordered in favor of Regional Hospital and against Ms. Mulligan on May 20, 2019, and a final judgment was issued on June 10, 2019.[35]

---

[31] *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

[32] *Arizona,* 530 U.S. at 412.

[33] *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (construing former § 1915(d)) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), and citing *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted)).

[34] *See* https://records.courts.alaska.gov/eaccess/search.page, *Mulligan v. Regional Hospital,* 3AN-17-09207CI. *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[35] *Id*.

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 8 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 8 of 9

If Ms. Mulligan disagrees with a decision of a state court, she must follow appropriate state rules and procedures to challenge that decision. These procedures include the right to file a timely petition for writ of certiorari with the United States Supreme Court, requesting review of a decision of the Alaska Supreme Court.[36] But regardless of whether res judicata, abstention[37] or another preclusive theory prevents the Court from hearing this case, because Ms. Mulligan has not brought suit against a state actor, this case must be dismissed.[38]

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. All outstanding motions are DENIED.

3. The Clerk of Court is directed to enter a judgment accordingly.

DATED at Anchorage, Alaska, this 18th day of June, 2019.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[36] 28 U.S.C. § 1257(a); *see also* United States Supreme Court Rule 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

[37] *See, e.g., Mulligan v. Carrs Jewel Lake, et al.,* Case 3:19-cv-00109-RRB, Docket 8 at 9–10.

[38] The allegations against the APD officers (not named as defendants in this case), identical to some of the allegations included in this case, will be addressed in *Mulligan v. APD, et al.,* Case 3:19-cv-00119-RRB.

3:19-cv-00118-RRB, *Mulligan v. Regional Hospital, et al.*
Order of Dismissal
Page 9 of 9
Case 3:19-cv-00118-RRB   Document 8   Filed 06/18/19   Page 9 of 9